# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELIZABETH ANN POWELL,

    Petitioner,

vs.

WARDEN SHERMAN HATCHER, et al.,

    Respondents.

Case No. 2:06-CV-00371-RCJ-(LRL)

**ORDER**

    Before the Court are the First Amended Petition for Writ of Habeas Corpus (#16), Respondents' Motion to Dismiss (#41), Petitioner's Opposition (#47), and Respondents' Reply (#49). The Court finds that Petitioner has not exhausted her state-court remedies for Ground 5 and part of Ground 6C, and the Court grants the Motion (#41).

    After a jury trial in the Sixth Judicial District Court of the State of Nevada, Petitioner was found guilty of committing upon Curtis Moss first degree murder with the use of a deadly weapon and first degree kidnaping with the use of a deadly weapon. Ex. 37 (#25-2). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 42 (#25-7). Petitioner then filed in state court a post-conviction petition for a writ of habeas corpus. Ex. 46 (#25-11). The district court appointed counsel, who filed a supplemental petition. Ex. 50 (#26-4). The district court denied the petition. Ex. 55 (#27-5). Petitioner appealed, and the Nevada Supreme Court affirmed (#28-2). Petitioner then commenced this action.

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief,

a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The first ground at issue is Ground 5, which claims that insufficient evidence existed to support the conviction for kidnaping. The charge was that Petitioner "did confine Curtis Moss against his will by means of force and violence and took him to a location north of Winnemucca, Nevada, to kill him with a gun." Ex. 5 (#19-1). Robert Burkman was also charged with crimes arising out of Moss's death, and he agreed to plead guilty. Ex. 64 (#28-5). Pursuant to that agreement, he testified that he was driving a car in which Petitioner and Moss were passengers. He further testified that Petitioner produced a gun, beat it on the dashboard, and pointed it at Moss; Moss asked her not to kill him, and she said that it was too late. Ex. 28, pp. 467-69 (#23-5, pp. 36-38).[1]

In Claim 5 on direct appeal, Petitioner argued that Burkman's testimony should not have been admitted because it had not been sufficiently corroborated, pursuant to Nev. Rev. Stat. § 175.291. She concluded by arguing that because Burkman's testimony was inadmissible and because there was no other evidence of Petitioner's behavior in the car, Petitioner's conviction for kidnaping cannot be sustained beyond a reasonable doubt, pursuant to In re Winship, 397 U.S. 358 (1970). See Ex. 39, pp. 13-15 (#25-4, pp. 21-23). The Nevada Supreme Court found differently:

> In this case, we conclude that the State provided sufficient corroboration to admit Burkman's testimony. Other witnesses testified that they saw Powell and Burkman drive away from the bar with the victim. Some testified that Powell was wearing a "Do-Dew" hat that night and others testified that that hat was found near the body several miles away from the bar. In addition, witnesses testified that Powell was looking for the victim because he owed her a drug debt. All of this testimony corroborates Burkman's testimony placing the two of them at the murder scene and providing a justification for Powell's intent to rob or kill the victim. We therefore conclude that Burkman's testimony was sufficiently corroborated, and the district court did not abuse its discretion by admitting his testimony.

Ex. 42, pp. 10-11 (#25-7, pp. 11-12).

Although Petitioner informed the Nevada Supreme Court of the correct federal rule that due process requires a person be proven guilty beyond a reasonable doubt, the theory in Claim 5 on

---

[1] Page numbers in parentheses refer to the Court's computer images of the documents.

1  direct appeal is different from what she presents in Ground 5 in the First Amended Petition (#16), as
2  Respondents cogently argue. See Reply, pp. 5-6 (#49). On direct appeal, Petitioner argued that one
3  piece of evidence, Burkman's testimony, was inadmissible. Ground 5, a claim that the evidence was
4  insufficient to support the kidnaping conviction, requires the reviewing court to examine all of the
5  evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
6  Claim 5 on direct appeal did not alert the Nevada Supreme Court that it should consider whether all of
7  the evidence was sufficient to sustain Petitioner's kidnaping conviction. Ground 5 is unexhausted.

8      Ground 6 is a multiple-part claim that trial counsel provided ineffective assistance. In
9  Ground 6C, Petitioner alleges:

> Powell had the right to present mitigating evidence at the sentencing hearing. Powell had a history of physical abuse, sexual abuse, drug abuse and a disturbing, dysfunctional family life. Ex. 36, p. 12-14. However, during the sentencing hearing, counsel failed to present any evidence of Powell's tragic childhood or any mitigating evidence. Id., p. 12-18.

13 First Amended Petition, p. 19 (#16) (emphasis added). In her state habeas corpus appeal, Petitioner
14 argued in detail how the abuse that she suffered as a child was extraordinary, and that counsel should
15 have presented mitigating evidence of that abuse to the trial court at sentencing. Ex. 58, p. 26-28 (#27-
16 8, pp. 36-40). The Nevada Supreme Court's determination rested upon counsel's arguments that
17 Petitioner had suffered abuse, though not mentioning specific instances, upon the pre-sentence report's
18 information of Petitioner's family history, and the trial court's comments upon Petitioner's family
19 history. Ex. 61, pp. 20-21 (#28-2, pp. 21-22). Petitioner did not mention her drug abuse as part of the
20 claim that counsel failed to present mitigating evidence, and the Nevada Supreme Court did not
21 consider drug abuse in its decision.

22     "[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally
23 alter the legal claim already considered by the state courts.'" Chacon v. Wood, 36 F.3d 1459, 1468
24 (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)). Chacon, who used a translator in his criminal
25 proceedings claimed in both state and federal post-conviction cases that he received bad advice that
26 made his guilty plea involuntary. 36 F.3d at 1469. The exhaustion question arose because at first
27 Chacon claimed that counsel provided bad advice, but then the claim eventually became that the
28 translator was not correctly translating the proceedings to Chacon. The court of appeals held that the

fundamental issue was whether Chacon had been so misinformed that his guilty plea became involuntary, not who caused the misinformation. Id. The court of appeals also held in the alternative that the facts involving the translator became known to all parties and the state courts in the state post-conviction case. Id.

Petitioner's case is different. At the sentencing hearing, trial counsel argued for leniency based upon both Petitioner's family history and her drug abuse. Ex. 36, pp. 13-14 (#25-1, pp. 14-15). In his sentencing decision, the trial judge considered Petitioner's drug abuse, and not entirely as a mitigating factor. Id., pp. 29-34 (#25-1, pp. 30-35). In the habeas corpus appellate brief, Petitioner, represented by post-conviction counsel, did not simply list factors that trial counsel should have presented, which might have led to the impression that she forgot to mention drug abuse. She argued in detail how specific abuses Petitioner suffered as a child should have been introduced into evidence at sentencing. Drug abuse is conspicuous in its absence from the argument. Its inclusion in Ground 6C would require analysis separate from her claims concerning child abuse. Because she did not raise drug abuse as part of her ineffective assistance claim in state court, this part of Ground 6C is unexhausted.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#41) is **GRANTED** in part. Ground 5 and the part of Ground 6C concerning drug abuse are unexhausted.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of Ground 5 and the part of Ground 6C concerning drug abuse, or for other appropriate relief. Within ten (10) days of filing such motion, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that she has conferred with her counsel in this matter regarding his options, that she has read the motion, and that she has authorized that the relief sought therein be requested. Failure to comply with this Order will result in the dismissal of this action.

Dated: July 28, 2008

_____
ROBERT C. JONES
United States District Judge

(ab-p4)